```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Allen G. Holmes,               :

     Plaintiff,           :

  v.                           :      Case No. 2:12-cv-680

                                 :      JUDGE GREGORY L. FROST
Commissioner of Social Security,      Magistrate Judge Kemp

     Defendant.           :

## REPORT AND RECOMMENDATION

On July 21, 2006, plaintiff Allen G. Holmes filed an application for social security disability benefits. An Administrative Law Judge found that plaintiff was insured for disability purposes through December 31, 2007, and that he had severe impairments. However, the ALJ also found that those impairments were not disabling and that plaintiff could do his past work as a laminator. The Appeals Council denied review, and plaintiff filed this case.

After plaintiff submitted his statement of specific errors, the Commissioner moved to remand the case for purposes of conducting further administrative proceedings and issuing a new decision. In particular, the Commissioner requested an order directing the Appeals Council to remand the case to the ALJ for purposes of holding a new administrative hearing and reassessing plaintiff's credibility with respect to the side effects of his medication.

Shortly after the Commissioner moved for a remand, plaintiff filed his own motion to remand. He agrees with the Commissioner that remand is appropriate, but he disagrees that the scope of the remand order should be as narrow as the Commissioner suggests. While not specifically identifying, in his motion, any

additional matters which he believes the ALJ should address on remand, he asks the Court to include language in the remand order directing the ALJ to "consider any other issues relating to Plaintiff's claim." (Doc. 25, at 2). He cites to 20 C.F.R. §404.983, which states that, when a case is remanded from federal court and then further remanded by the Appeals Council, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." Plaintiff also notes that, in addition to the credibility issue, his statement of errors raises claims about the ALJ's failure to obtain testimony from a medical expert and the thoroughness of the ALJ's residual functional capacity assessment. The Commissioner has not responded to plaintiff's motion.

The language of §404.983 suggests that in the context of a federal court remand, an ALJ should have the freedom to consider any issues which relate to the claim for benefits. At least one court has observed that "there is no good reason why this Court should need to referee the scope of a voluntary remand order when the Commissioner retains complete decision-making discretion on remand," an observation consistent with not specifying any limitations on scope in the remand order. See Thibodeau v. Social Sec. Admin. Com'r, 2011 WL 4344561, *1, at 2 (D. Me. Sept. 13, 2011), aff'd 2011 WL 4597501 (D. Me. Oct. 3, 2011). This Court agrees. It therefore recommends that both motions for remand be granted, and that the order of remand simply specify that the Commissioner shall conduct further proceedings including, but not limited to, remanding the matter to an ALJ for a new hearing and a new credibility assessment.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge